# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00694-CR
NO. 03-11-00837-CR

**Frank Corona, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NOS. CR22,261 & CR22,539, THE HONORABLE ED MAGRE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In April 2009, appellant Frank Corona pleaded guilty to the state jail felony offense of forgery and was placed on deferred adjudication community supervision. *See* Tex. Penal Code Ann. § 32.21 (West 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2011). In October 2009, after appellant pleaded true to violating the conditions of supervision, the trial court granted the State's motion to adjudicate and again placed appellant on community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3, 21, 23 (West Supp. 2011). On that same date, appellant was also placed on community supervision for the state jail felony offense of reckless injury to a child after he pleaded guilty to that offense.[1] *See* Tex. Penal Code Ann. § 22.04(a)(3), (f) (West Supp. 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (West Supp. 2011).

---

[1] The record reflects that the commission of this injury-to-a-child offense was one of the violations of appellant's deferred adjudication community supervision.

In July 2011, the State filed motions to revoke in both cases, alleging numerous violations, including the commission of new offenses, the failure to seek and maintain gainful employment, and the failure to pay court costs, restitution (in the forgery case), and various fees.[2] Appellant pleaded not true to the allegations. Following a hearing in October 2011, the trial court found that appellant had violated the conditions of supervision as alleged and granted the State's motions to revoke his community supervision in both cases. The court revoked appellant's community supervision and assessed his punishment at eighteen months' confinement in a state jail facility for each offense, ordering the sentences to run concurrently. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 23; Tex. Penal Code Ann. § 12.35 (West Supp. 2011).

In each case, appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Appellant's counsel sent appellant copies of the brief along with a letter advising appellant of his right to examine the appellate records and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed in either case.

---

[2] The motions to revoke contained the same alleged violations except for the failure to pay restitution and the failure to pay community supervision fees alleged only in the forgery case.

We have reviewed the records, including appellate counsel's briefs and the evidence presented at the revocation hearing, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the records present no arguably meritorious grounds for review and the appeals are frivolous. Counsel's motions to withdraw are granted. The judgments of conviction are affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   June 29, 2012

Do Not Publish